UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RAYNOR ADEN WHITCOMBE, <br><br> Petitioner, <br><br> vs. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, <br><br> Respondent. | 5:26-CV-05086-KES <br><br><br> ORDER GRANTING WRIT OF HABEAS CORPUS AND ORDERING RELEASE |

On July 9, 2026, petitioner, Raynor Whitcombe, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against respondent, Markwayne Mullin. Docket 1. Whitcombe also filed a motion for temporary restraining order (TRO), requesting that this court follow the relief granted in the materially similar case of *Aleksei M. v. Warden, Lawrence Co. Jail*, 5:26-CV-05030-RAL, 2026 WL 1133615 (D.S.D. Apr. 27, 2026). *Id.* ¶ 22. On July 15, 2026, this court granted Whitcombe's request for a TRO, *see* Docket 2, and extended the TRO for an additional 14 days, *see* Docket 11. The parties notified the court by email that they waived a preliminary injunction hearing and agreed this matter could be submitted to the court based on the filings. Now before the court is Whitcombe's § 2241 petition in which he claims he is being unlawfully detained by Immigration and Customs Enforcement (ICE) in violation of the Due Process

Clause of the Fifth Amendment. *See* Docket 1. For the following reasons, the court grants Whitcombe's petition.

## BACKGROUND

The factual and procedural background previously presented in the court's order granting Whitcombe's motion for a TRO is incorporated herein, *see* Docket 2 at 2-3, and the court includes a short recitation of additional facts presented by the parties below.

Whitcombe is a citizen of New Zealand. Docket 1 ¶ 2. He was lawfully admitted to the United States on September 8, 2016, and has resided here continuously since that time. *Id.* ¶ 5; Docket 7-2 at 3. Whitcombe was admitted as a nonimmigrant through the Visa Waiver Visitor for Pleasure Program (VWP), which authorized him to remain in the United States until September 12, 2016. Docket 7-1 at 1.

On July 3, 2026, ICE Supervisory Detention Supervisor Officer Chad Fischer (SDDO Fischer) received information from a confidential citizen that Whitcombe "had assaulted a minor child from his previous marriage and that they believed [Whitcombe] to be a citizen of [New Zealand]."[1] Docket 7-2 at 2. SDDO Fischer then checked the immigration databases and confirmed that Whitcombe was no longer in lawful immigration status. *Id.*

---

[1] Whitcombe was previously married to a United States citizen from 2016 until 2022. Docket 1 ¶ 6. The couple has an eight-year-old son. *Id.* According to the petition, Whitcombe maintains a close relationship with his son and exercises parenting time each week from Wednesday at 3:30 p.m. until the following Tuesday at 3:30 p.m., as well as every other weekend from Friday through Monday. *Id.* ¶ 7.

On July 8, 2026, ICE took Whitcombe into custody without incident while he was traveling to work.[2] Docket 1 ¶ 16; Docket 7-2 at 2-3. Whitcombe was taken to the Rapid City, South Dakota, field office and administratively processed as a visa waiver overstay. Docket 7-2 at 3. The following day, SDDO Fischer obtained a Notice of Intent to Issue a Final Administrative Removal Order that provided Whitcombe was subject to removal pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act. *See* Docket 7-1. That same day, Whitcombe completed a form stating "I admit the allegations and charge(s) in this Notice of Intent. However, I wish to request Asylum, Withholding or Deferral of Removal as notated below." *Id.* at 2. Whitcombe explained that he was contesting removal based on "parental interest for minor son." *Id.*

On July 20, 2026, the Department of Homeland Security (DHS) notified Whitcombe that it would "proceed with [his] removal from the United States unless a court order is issued to stay [his] removal or an application for asylum, withholding or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review." Docket 9-1 at 2. That same day, an immigration judge determined that Whitcombe was subject to removal as a visa waiver violator. *Id.* at 3. The immigration judge also denied Whitcombe's request for bond because the court lacked authority to consider

---

[2] Before ICE detained him on July 8, 2026, Whitcombe had never been arrested. Docket 1 ¶ 18. His only criminal offense arose from a visitation dispute with his former wife. *Id.* ¶ 19. He was charged by complaint, but not arrested, with a Class 2 misdemeanor for entering or refusing to leave property after notice. *Id.* He was sentenced to pay a $100 fine and $78.50 in court costs and was ordered not to return to his former wife's residence for six months. *Id.*

Whitcombe for release on bond. *Id.* The immigration judge's decision is final unless Whitcombe files an appeal by August 20, 2026. *See id.* at 5.

## LEGAL STANDARD

A writ of habeas corpus enables a person detained by the government to challenge the legality of the confinement and, if successful, obtain release. *Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973). Habeas corpus relief under 28 U.S.C. § 2241 confers jurisdiction upon federal courts to hear habeas challenges to the lawfulness of immigration-related detention, *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), but a court's jurisdiction to hear such claims is limited, 8 U.S.C. § 1226(e); *Demore v. Kim,* 538 U.S. 510, 516-17 (2003). The petitioner bears the burden of proving by a preponderance of the evidence that his or her detention is unlawful. *Walker v. Johnston,* 312 U.S. 275, 286 (1941); *Muse v. Mullin,* 2026 WL 1008532, at *2 (N.D. Iowa Apr. 14, 2026).

## DISCUSSION

Here, Whitcombe argues his detention without an individualized bond determination violates the Due Process Clause of the Fifth Amendment. *See* Docket 1. When evaluating what process the Constitution requires in a particular context, courts apply the balancing test articulated in *Mathews v. Eldridge,* 424 U.S. 319 (1976). But before the court addresses Whitcombe's Due Process claim, it must first determine what statutory authority supports Whitcombe's detention.

## I.     Detention Authority

The government argues that Whitcombe is lawfully detained under 8 U.S.C. § 1187(c)(2)(E) because he is a VWP violator. Docket 6 at 3. Under 8 U.S.C. § 1187, citizens of certain participating countries are allowed to enter the United States for a period of 90 days or less without obtaining a visa. *See* 8 U.S.C. § 1187(a). As part of the program, VWP visitors waive any right to contest their removal other than on the basis of an asylum application. *See* 8 U.S.C. § 1187(b); *Lang v. Napolitano*, 596 F.3d 426, 428 (8th Cir. 2010). If a VWP participant makes such a challenge, they are granted "asylum-only" hearings to determine their removability, and if such relief is denied, the participant can be removed without further process. *See* 8 C.F.R. § 217.4(a)(1).

Section 1187(c)(2)(E) provides:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1187(c)(2)(E). The only authority the government cites in support for its detention authority under § 1187(c)(2)(E) is *Matter of A.W.,* 25 I. & N. Dec. 45 (BIA 2009). *See* Docket 6 at 4.

The government, however, fails to acknowledge that "most federal courts that have directly addressed whether a noncitizen who has violated the Visa Waiver Program can be detained pursuant to § 1187(c)(2)(E) have held that

5

§ 1187(c)(2)(E) is not a valid basis for detention." *Quispe v. Becerra*, 2025 WL 3774570, at *4-5 (E.D. Cal. Dec. 31, 2025) (collecting cases); *see also Lee v. Warden, Buffalo Fed. Det. Facility*, 2026 WL 1413151, at *2 (W.D.N.Y. May 20, 2026); *Condappa v. Field Off. Dir. Detroit Field Off., U.S. Immigri. & Customs Enf't*, 2026 WL 1642814, at * 3-4 (N.D. Ohio June 8, 2026). Many of these district courts have also found the BIA's decision in *Matter of A.W.* to be unpersuasive. *See Nicolas T. v. Noem*, 2026 WL 1010750, at *1 (S.D. Tex. Mar. 30, 2026); *Lee*, 2026 WL 1413151, at *2 (reasoning that the BIA's decision in *Matter of A.W.* was made "[w]ithout detailed explanation[.]" (quoting *Gjergj G. v. Edwards*, 2019 WL 1254561, at *2 (D.N.J. Mar. 18, 2019)).

And as the district court in *Molina v. Soto*, 2025 WL 3281820 (D.N.J. Nov. 25, 2025), explained "the VWP does not have its own detention provision, and the detention of an alien . . . must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings." *Id.* at *3 (internal quotation marks omitted); *see also Malets v. Horton*, 2021 WL 11549981, at *2 n.7 (N.D. Ala. Jan. 11, 2021) ("Perhaps the biggest roadblock to the government's claim that § 1187(c)(2)(E) provides detention authority is the code section's failure to mention detention at all."). Thus, this court agrees with the majority of district courts that have found that § 1187(c)(2)(E) is not a valid basis to detain noncitizens who violate VWP. Instead, Whitcombe's detention must "arise from one of the other statutory provisions expressly covering aliens subject to detention during their

removal proceedings." *Quispe*, 2025 WL 3774570, at *5 (quoting *Gjergj G.*, 2019 WL 1254561, at *2)).

As other district courts have recognized for VWP violators, Whitcombe is likely detained under 8 U.S.C. § 1226(a). *See Novac v. Bernacke*, 2026 WL 1623191, at *2 (D. Nev. June 5, 2026) (finding that petitioner was detained pursuant to § 1226(a)); *Quispe*, 2025 WL 3774570, at *5; *Bader v. Field Off. Dir.*, 2026 WL 1459639, at *3 (S.D. Fla. May 22, 2026); *Szentkiralyi v. Ahrendt*, 2017 WL 3477739, at *5 (D.N.J. Aug. 14, 2017) (reasoning that because detention is not proper under § 1187(c)(2)(E), "the only statute which could provide for detention authority over Petitioner while her removal proceedings are pending is 8 U.S.C. § 1226"). Section 1226(a) expressly provides for detention before a final removal order. *See* 8 U.S.C. § 1226(a). Moreover, the government does not argue that Whitcombe is detained under a separate statute. *See* Docket 6; *see also* 8 U.S.C. § 1225 (authorizing detention when a noncitizen is seeking admission); 8 U.S.C. § 1226(c) (authorizing detention for noncitizens convicted of certain offenses); 8 U.S.C. § 1231 (authorizing detention for noncitizens subject to a final order of removal).[3] Thus, the court presumes that Whitcombe is detained pursuant to § 1226(a).

---

[3] Because it appears that Whitcombe's order of removal is not administratively final, the court also finds that Whitcombe's detention under 8 U.S.C. § 1231 is improper. Section 1231 "authorizes detention 'when an alien is ordered removed' and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021) (alteration in original) (quoting 8 U.S.C. §§ 1231(a)(1)(A)-(B)). It is unclear from Whitcombe's immigration proceedings whether he has filed an application for asylum. *See also* Docket 7-1 at 2 (indicating that

## II.     Due Process

Here, the government's assertion of compliance with § 1187(c)(2)(E) does not demonstrate that they have satisfied the requirements of the Due Process Clause.[4] The Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

To determine whether a civil detention violates a detainee's due process rights, courts apply the three *Mathews* factors. *Mathews*, 424 U.S. at 335; *see also Aleksei M.*, 2026 WL 1133615, at *5 (collecting cases). The three factors are: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural

---

Whitcombe wants to file an application for asylum). Where an asylum application is pending, courts have found that the noncitizen is not subject to an administratively final removal order. *See, e.g., Nreka v. U.S. Atty. Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005); *Lee*, 2026 WL 1413151, at *4 ("Other circuits similarly have concluded that a VWP FARO does not constitute a final order of removal until the VWP entrant's asylum application, if any, has been denied."). Because it appears that Whitcombe is contesting his removal based on his request to file an application for asylum, Docket 7-1 at 2, and because the government does not contend that Whitcombe is detained under § 1231, *see* Docket 6, the court finds that Whitcombe is not properly detained under § 1231.

[4] The court also notes that the government failed to respond to Whitcombe's due process claim. *See* Docket 6. It instead focused on distinguishing the present facts from *Alexsei M. See id.* at 4.

safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, Whitcombe has a private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *Hamdi v. Rumsfeld*, 542 U.S. 507, 529-31 (2004) (finding that the "interest in being free from physical detention by one's own government" is "the most elemental of liberty interests"). As the court previously found in its order granting Whitcombe's motion for a TRO, Whitcombe "has resided in the United States for approximately 10 years, was previously married to a United States citizen, maintains a close relationship with his eight-year-old son, is gainfully employed, and has substantial ties to his community." Docket 2 at 5; *see also* Docket 1 ¶¶ 5-9. And Whitcombe's "only criminal offense arose from a visitation dispute with his former wife and resulted in a misdemeanor conviction, a $100 fine, and a no-trespass order." Docket 2 at 5; Docket 1 ¶ 19. Under such conditions, Whitcombe has acquired a protected liberty interest. *See Aleksei M.*, 2026 WL 1133615, at *5 ("A noncitizen who has lived for years in the interior of the United States and established connections in the country acquires a protectible liberty interest." (internal quotation marks omitted)). Thus, the court finds that the first *Mathews* factor weighs in favor of Whitcombe.

9

Second, Whitcombe did not receive a bond hearing, or a process to meaningfully assess whether he should be detained during the pendency of his removal proceedings. The risk of erroneous deprivation is "severe" when a petitioner does not receive any sort of procedure. *See Aleksei M.*, 2026 WL 1133615, at \*6 (quoting *Abbas v. Schneider*, 2026 WL 1079292, at \*8 (S.D. Iowa Apr. 17, 2026)); *see also Quispe v. Chestnut*, 2026 WL 654577, at \*4 (E.D. Cal. Mar. 9, 2026) (finding that "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." (internal quotation marks omitted)). And generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690. No court has yet determined, and the government does not argue, that Whitcombe is a flight risk or a danger to the community. *See* Docket 6; Docket 9-1 at 5. Thus, the court finds that the second factor weighs in Whitcombe's favor.

Third, while the government has an interest in enforcing its immigration laws, its interest in detaining Whitcombe without a hearing is low. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025) (finding that detention hearings in immigration court are routine and impose a "minimal" cost). Further, the government's interest in Whitcombe's continued detention is even lower because his only criminal record is a misdemeanor conviction, he has resided in the United States for approximately 10 years, and he has significant ties to his community. *See Bonilla Chicas v. Warden*, 2026 WL

539475, at *11 (S.D. Tex. Feb. 20, 2026) (finding that a petitioner's criminal record and ties to his community were "factors that bear directly on flight risk and dangerousness"); *Chestnut*, 2026 WL 654577, at *5 (reasoning that the government's interest in detaining a VWP violator was low because she had been in the United States for over 24 years and had no criminal record). Thus, the court finds that the third *Mathews* factor weighs in favor of Whitcombe.

Because all three *Mathews* factors weigh in favor of Whitcombe, the court finds that the government violated Whitcombe's due process rights when it detained him without a bond hearing. Thus, the court finds that Whitcombe is entitled to relief on his due process claim.

The court next turns to the appropriate remedy. Other courts have required an immigration judge to hold a bond hearing to determine if the petitioner is a danger to the community or a flight risk if released. *See, e.g.*, *Olivier Barre v. LaRose*, 2026 WL 1471898, at *3 (S.D. Cal. May 26, 2026); *David J.C.P. v. Blanche*, 2026 WL 1102725, at *3 (D. Minn. Apr. 23, 2026); *Muse*, 2026 WL 1008532, at *5. But as Whitcombe aptly points out, requiring an immigration judge to hold a bond hearing would be "futile" because an immigration judge already determined that it lacked jurisdiction to hold a bond hearing due to *Matter of A.W.*. *See* Docket 8 at 9; *see also* Docket 9-1 at 3. Thus, the court finds that requiring an immigration judge to hold a bond hearing would be futile in these circumstances.

Instead, the court finds that—like other district courts have—the government should release Whitcombe from its custody. *See Chestnut*, 2026

11

WL 654577, at *3 (ordering release of VWP overstay because "petitioner should have been provided [a pre-deprivation] hearing before she was detained"); *Holani v. Albarran*, 2026 WL 2246636, at *2 (N.D. Cal. Aug. 4, 2026) (ordering government to release VWP violator because petitioner was likely to be successful on the merits of his habeas petition). "Habeas is at its core a remedy for unlawful executive detention. The typical remedy [for such detention] is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (internal citation omitted). The government has failed to present, and the record does not reveal that Whitcombe is a flight risk or a danger to the community. And because the government has violated his due process rights by detaining him without a pre-deprivation hearing, the court finds that release is the only appropriate remedy under the circumstances.

### CONCLUSION

Based on the foregoing, it is ORDERED that:

1. That Whitcombe's Petition for a Writ of Habeas Corpus (Docket 1) is granted.

2. That Respondent shall release Whitcombe from custody immediately, but no later than 48 hours after entry of this Order.

3. That that upon Whitcombe's release, Respondent must return to Whitcombe any personal property, including personal identification documents and not re-arrest him unless a material change in circumstances occurs.

12

4.  That Respondent shall confirm Whitcombe's release within three
    business days after the date of this Order.

Dated August 11, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
